

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2006

# Tanious v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3935

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tanious v. Atty Gen USA" (2006). *2006 Decisions.* Paper 234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3935
_____

ADEL BISHARA TANIOUS; ANDREW ADEL BISHARA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
Immigration Judge Henry S. Dogin
(Agency Nos. A95 829 852, A95 829 853)

_____

Submitted Under Third Circuit LAR 34.1(a)
August 11, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT JUDGES</u>

_____

(Filed: November 7, 2006  )

_____

OPINION

_____

PER CURIAM

Adel Tanious and Andrew Bishara, citizens of Egypt, petition for review of a final

order of removal of the Board of Immigration Appeals ("BIA"). We will deny the petition.

Tanious came to the United States in 1997 as a visitor with authorization to stay for six months. Bishara, who is Tanious' son, came to the United States in 2001 at the age of fourteen. He also was authorized to visit for six months. In 2003, notices to appear were issued charging them with removability for remaining here for a time longer than permitted. See 8 U.S.C. § 1227(a)(1)(B). Through counsel, Tanious and Bishara conceded they were removable as charged. They applied for withholding of removal and relief under the Convention Against Torture. Bishara's requests for relief were derivative of his father's requests. It appears that Tanious and Bishara did not pursue asylum claims because Tanious' asylum application was untimely filed.

In support of their applications for relief from removal, Tanious testified that he obtained a university degree in accounting and had an import/export business in Egypt. In September 1997, he came to the United States to sign documents related to his business. He returned to Egypt less than three weeks later. Tanious returned to the United States in October 1997. Although his testimony is somewhat unclear, Tanious stated he did not return to Egypt again because he could not continue his business. In his asylum application, Tanious explained that the Egyptian government did not allow Christians to open a business without a Muslim partner. Tanious, who is a Coptic Christian, stated that his Muslim partner forced him out of the business when it became

2

profitable.

Tanious further testified that he was unable to play for the national soccer team in Egypt unless he changed his name to a Muslim name. He also stated that the Egyptian government watched his family for years because it believed that his father, who was in Israel during the Israeli conflict with Egypt, was a spy. As a result, he was unable to become a police officer. In addition, Tanious stated in his asylum application that his brother lost an eye as a child due to the fact he is Christian, his sister had acid thrown on her because she refused to convert to Islam, and the factory where his wife worked was burned down by Muslim extremists. Tanious did not testify about these three incidents, other than confirming that they occurred in response to questions by the IJ.

Tanious stated that he was able to practice his religion and attend church in Egypt. He was never physically harmed there. Tanious fears returning to Egypt because he does not know how he will start his life again. He does not believe the Egyptian government will allow him to work. On cross-examination, the Government pointed out that a year earlier Tanious had told an immigration officer that he had no fear of persecution or torture if he returned to Egypt.

The IJ found Tanious' story incredible and noted that he seemed to argue a number of different theories. The IJ stated that he did not explain why Muslims would harm his business, and he did not provide documentation showing that he had a business that was closed or harmed. In addition, the IJ did not believe that Tanious would have been able to

go to the university, open a business, and visit the United States if his father was perceived as a spy. The IJ also criticized Tanious for not corroborating his statements that his family members were injured and for failing to present the testimony of his wife, who lived with him in the United States. The IJ also noted that, in Tanious' earlier statement to immigration officials, he stated he did not fear persecution or torture in Egypt, that Tanious returned to Egypt after he came here for business in September 1997, and that it took him six years to apply for asylum. The IJ believed Tanious came here to pursue business opportunities. The IJ denied withholding of removal and relief under the Convention Against Torture and granted voluntary departure.

The BIA adopted and affirmed the IJ's decision. The BIA stated that Tanious' testimony was not believable, consistent and sufficiently detailed to provide a plausible and coherent account of the basis for his fear. Like the IJ, the BIA noted that Tanious testified before an immigration officer that he had no fear of persecution if removed and faulted him for failing to present his wife's testimony. The BIA granted Tanious and Bishara voluntary departure.

Tanious and Bishara filed a pro se petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Adverse credibility determinations are reviewed for substantial evidence. Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004). If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence. Id. at 322 (citing Dia v. Ashcroft, 353

4

F.3d 228, 249 (3d Cir. 2003) (en banc)).  Conversely, if no reasonable fact finder could make that finding on the administrative record, the finding is not supported by substantial evidence.  Id. at 322-23.

In their brief, Tanious and Bishara challenge one of the bases relied upon by the BIA in affirming the adverse credibility finding.  They argue that the reason Tanious told the immigration officer that he did not fear returning home was because he understood the officer's reference to "home" as his home in the United States, not Egypt.  This explanation, however, is contrary to the reason Tanious gave at his hearing before the IJ.  Tanious then explained that he told the immigration officer that he did not fear persecution or torture if removed because he was afraid that he would be arrested.

We conclude that this inconsistency, along with the fact that Tanious visited the United States on business and then returned to Egypt shortly before re-entering the United States as a visitor, constitute substantial evidence supporting the adverse credibility finding.  We note that Tanious and Bishara do not argue in their brief that they suffered past persecution.  They state only that it was difficult to practice their religion in Egypt.  See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (stating that persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional, but denotes extreme conduct).[1]

---

[1]Tanious and Bishara have attached to their brief several articles reflecting violence which erupted in October 2005 during protests at a Christian church against a play that Muslims found offensive.  These articles are not part of the administrative record and we

Finally, Bishara appeals to this Court to allow him to remain here to pursue his education. Although we appreciate Bishara's desire to remain here and continue his studies, his desire does not provide a basis for relief.

Accordingly, we will deny the petition for review.

---

may not consider them. <u>Al-Fara v. Gonzales</u>, 404 F.3d 733, 743 (3d Cir. 2005).